**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CHRISTINE RICHARDSON, for herself
and on behalf of others similarly situated,

       Plaintiff,                  CASE NO.:

vs.

CORIZON HEALTH, INC., a foreign
profit corporation,

       Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINE RICHARDSON ("Plaintiff"), for herself and on behalf of others similarly situated, files this Complaint against Defendant, CORIZON HEALTH, INC., a Foreign Profit Corporation ("CHI" or "Defendant") and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3.      At all times material to this action, Plaintiff was, and continues to be a resident of Clayton County, Georgia.

4.      At all times material to this action, Defendant CHI was, and continues to be, a Foreign Profit Corporation, with its principal place of business in Brentwood, Tennessee.

Further, at all times material hereto, Defendant CHI was, and continues to be, engaged in business in Georgia, doing business in *inter alia*, Fulton County, Georgia.

5.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

6.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7.     At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9.     At all times material to this action, Defendant CHI was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11.     At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including, but not limited to, medical supplies and equipment necessary to perform duties related to the care of patients with various health issues.

12.     At all times material hereto, the work performed by the Plaintiff was directly essential to Defendant's business.

## STATEMENT OF FACTS

13.     Plaintiff worked for Defendant, CHI, from June 5, 2012 to June 25, 2016, as a non-exempt hourly paid "Staff Nurse" working for Defendant's healthcare corporation at the

Fulton County Jail.

14.     Plaintiff's job duties included, but were not limited to, dispensing medication, performing routine mental health assessments, and patient education.

15.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16.     From at least December 2012 to December 2015, Defendant failed to compensate Plaintiff and other similarly situated staff nurses at a rate of one and one-half times each staff nurse's regular rate for all hours worked in excess of forty (40) hours in on or more workweeks.

17.     Defendant's policies and practices that led to this failure to pay proper compensation, included, but were not limited to: 1) failing to accurately record the number of hours worked, and 2) managerial employees' systematic deletion of, and failure to pay recorded hours worked.

18.     Plaintiff and other staff nurses who opt-in to this action should be compensated at the rate of one and one-half times their regular rate of pay for all hours that these staff nurses worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

19.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20.     The policies and practices described in paragraph 17 were/are equally applicable to all other staff nurses employed by CHI, including but not limited to those in the Fulton County Jail.

21.     The additional persons who may become plaintiffs in this action are other non-exempt staff nurses employed by CHI who were denied proper overtime compensation for all

overtime hours worked due to Defendant's illegal practices as described in paragraph 17 above.

22.     Plaintiff is specifically aware that these unlawful policies and practices applied uniformly to all staff nurses at the Fulton County Jail.

23.     Upon information and belief, these unlawful policies and practices were equally applicable at other CHI facilities.

24.     Defendant has violated Title 29 U.S.C. §207 from at least December 2012 to December 2015, in that:

      a.     Plaintiff, and those similarly situated worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

      b.     No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

      c.     Defendant has failed to maintain proper time records as mandated by the FLSA.

25.     Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful, as Defendant was aware of the hours Plaintiff worked, and paid overtime for certain hours, but refused to pay overtime for all overtime hours worked, even though it knew, or reasonably should have known, of the uncompensated overtime hours.

26.     Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

27.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent

Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

28.     Plaintiff re-alleges paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29.     From at least December 2012, to December 2015, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

30.     Plaintiff, and those similarly situated, are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

31.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated,  at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

35.     At all times material hereto, upon information and belief, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

36.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

37.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for herself and on behalf of others similarly situated, requests

conditional certification pursuant to Section 216(b) of the FLSA, of a class of staff nurses who were subject to the unlawful practices described herein; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of January, 2017.

Respectfully submitted,

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
Fla. Bar No.: 540021
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Direct:      (404) 496-7295
Main:       (404) 965-8811
Facsimile:  (404) 965-8812
E-mail:      CLeach@forthepeople.com

*Trial Counsel for Plaintiff*